**IN THE COURT OF APPEALS OF IOWA**

No. 18-0220
Filed April 4, 2018

IN THE INTEREST OF E.S.,
Minor Child,

A.S., Mother,
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin,
District Associate Judge.


　　A mother appeals the termination of her parental rights to her child, born in
2017. **AFFIRMED.**


　　Jessica A. Millage of Flanagan Law Group, P.L.L.C., Des Moines, for
appellant mother.

　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant
Attorney General, for appellee State.

　　Brent M. Pattison of Drake Legal Clinic, Des Moines, guardian ad litem for
minor children.


　　Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2017. She contends (1) the record lacks clear and convincing evidence to support the grounds for termination cited by the district court, (2) termination was not in the child's best interests, and (3) the "relative exception" should apply.

## I. Grounds for Termination

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2017). We may affirm if we find either ground was supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We will focus on section 232.116(1)(h).

This provision requires proof a child three years of age or younger has been adjudicated in need of assistance, has been removed from the parent for at least six of the last twelve months, and cannot be returned to the parent's custody. Iowa Code § 232.116(1)(h).

The mother has a history of substance abuse. Over the years, she abused alcohol, marijuana, sleeping pills, Adderall, and muscle relaxers. In time, she transitioned to methamphetamine. By 2016, her parental rights to an older child had been terminated "due to untreated substance abuse issues."

This child was born with amphetamines in her system. With the mother's consent, the district court ordered the child removed from her custody. The department of human services placed the child with her maternal grandfather and step-grandmother, as requested by the mother. The child remained in their care throughout the proceedings.

The mother stipulated to adjudication of the child as a child in need of assistance. She began inpatient drug treatment after being diagnosed with severe amphetamine use disorder. She struggled to attend programming. After five months, she had yet to obtain a sponsor. During her sixth month at the facility, the mother admitted to relapsing on methamphetamine. At her behest, she was placed on a thirty-day discharge plan, which was accelerated after she tested positive for methamphetamine again.

Although the mother obtained housing and employment following her discharge, there was no indication her methamphetamine usage abated. She declined the department's request to wear a drug patch, failed to reengage in drug treatment services, and lived with a roommate who had substance abuse issues. The district court concluded, "[T]o return [the child] to either [parent's] custody would subject [the child] to adjudicatory harm." We concur in the court's assessment. On our de novo review, we conclude the State proved termination was warranted under section 232.116(1)(h). *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (noting "an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children").

## II. *Best Interests of the Child*

The mother argues termination was not in the child's best interests because of the bond she shared with her child. Our best interest analysis generally is made under the authority of Iowa Code section 232.116(2), which requires the court to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." But our statute also

contains an exception to termination based on "the closeness of the parent-child relationship." *See* Iowa Code § 232.116(3)(c).

There is no question the mother's visits with the child went well. Before she relapsed, she even graduated from supervised to semi-supervised visits. But the child was out of her care from birth forward, leaving doubts about the depth of the child's bond with the mother, and the mother's untreated substance abuse impeded her ability to keep the child safe. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010) (noting father could not "maintain a safe environment for his child while attempting to parent his child"). Under these circumstances, we conclude termination was in the child's best interests irrespective of the bond the mother had with the child. And an exception to termination based on the closeness of the parent-child bond was not warranted.

### III.    *Relative Exception*

Under section 232.116(3)(a), "[t]he court need not terminate the relationship between the parent and child if . . . [a] relative has legal custody of the child." "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3)(a)." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

The mother failed to satisfy her burden. She did not testify, and neither did the grandparents. *See id.* at 476 (finding mother failed to show grandparents' temporary custody of the child should preclude termination where neither the mother nor the grandparents testified). Although the department case manager testified the child was doing well in the grandparents' care, she recommended termination and adoption in lieu of a guardianship. The guardian ad litem also

recommended termination.  *See id.* (giving weight to the recommendations of the caseworker and guardian ad litem).  We conclude the relative exception to termination was not proven.

We affirm the termination of the mother's parental rights to her child.

**AFFIRMED.**